USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/28/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MURIEL SOFFER, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

MANGO MNG USA, INC. and MANGO NY, INC.,

Defendants.

1:26-cv-06580-MKV

ORDER GRANTING LEAVE TO AMEND COMPLAINT AND DENYING MOTION TO STAY

MARY KAY VYSKOCIL, United States District Judge:

On July 31, 2026, Muriel Soffer ("Plaintiff") filed a putative class action complaint against Mango MNG USA, Inc. and Mango NY, Inc. ("Defendants") alleging, *inter alia*, that Defendants improperly failed to refund tariff overcharges to consumers. [ECF No. 1]. On September 28, 2026, Defendants filed a letter requesting a pre-motion conference in advance of their anticipated motion to dismiss. [ECF No. 15]. Plaintiff filed a responsive opposition letter [ECF No. 16] and on October 2, 2026, this Court entered a scheduling order granting Defendants leave to file a motion to dismiss but also allowing Plaintiff the opportunity to amend, before a motion to dismiss was filed, her complaint "to address any alleged deficiencies identified in Defendants' pre-motion letter" while stating that "[t]his will be Plaintiff's last opportunity to amend her complaint to cure any deficiencies identified in Defendant's pre-motion letter." [ECF No. 17].

Plaintiff did not elect to amend her complaint, but a day before Defendants' motion to dismiss was due, Plaintiff filed a letter motion seeking to stay this case pending the resolution of proceedings before the Judicial Panel on Mutltidistrict Litigation ("JPML") in *In re Retailer Tariff Litigation*, MDL No. 3202. [ECF No. 18]. On October 16, 2026, Defendants timely filed their motion to dismiss as well as a corresponding memorandum of law and letter motion for oral argument. [ECF Nos. 19–21]. On October 19, 2026, Defendants filed a letter in opposition to

Plaintiff's motion to stay the case. [ECF No. 22]. On October 21, 2026, Plaintiff filed a letter stating that she intended to "amend her pleading as a matter of course to cure the deficiencies raised by Defendant's motion." [ECF No. 23] (internal quotations omitted). Defendants filed a letter in opposition on October 22, 2026. [ECF No. 24].

The Court first addresses Plaintiff's letter of intent to file an amended complaint before turning to her letter motion to stay the case pending a decision by the JPML. In her letter, Plaintiff argues that under Fed. R. Civ. P. 15(a)(1)(B), "[a] party may amend its pleading once as a matter of course no later than … 21 days after service of a motion under Rule 12(b), (e), or (f)." However, where, as here, the Court has already set a scheduling order dictating the timing and terms of amendments, the default rule is no longer applicable. *See Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021) (scheduling order supersedes default rule for amendment). The October 2, 2026 scheduling order clearly stated that Plaintiff could file an amended complaint in response to Defendants' pre-motion letter "on or before October 16, 2026" and it is undisputed that Plaintiff failed to do so. [ECF No. 17]. The Court's prior order was clear that this would be Plaintiff's last opportunity to amend her complaint in response to the issues raised in Defendants' pre-motion letter.

However, Plaintiff also argues that "Defendants raised new arguments in their motion that were not in their pre-motion letter" and contends this would justify granting leave to file an amended complaint. [ECF No. 23]. Specifically, Plaintiff points to (1) "arguments that tariff-driven increases were public knowledge" and (2) "arguments independently challenging Plaintiff's money had and received claim." *Id.* On public knowledge, Defendants respond that Plaintiff invited this argument by discussing Plaintiff's lack of knowledge about a price increase in her response to Defendant's pre-motion letter. [ECF No. 24]. However, the Court finds that the argument that tariff-driven price increases were public knowledge is new in that it appears nowhere

in Defendants' pre-motion letter but is now proffered in Defendants' motion to dismiss as an independent reason for dismissing Plaintiff's New York GBL § 349 claims. The Court agrees with Defendants that its arguments independently challenging Plaintiff's money had and received claims are not new as they were explicitly referenced in the title of Section IV of Defendant's pre-motion letter and in footnote 3. *See* [ECF No. 15] at 3. Therefore, Plaintiff can file an amended complaint to cure any deficiencies relating to the "public knowledge" argument but not regarding the "money had and received claims" or any other argument that had previously been noticed by Defendants' pre-motion letter at [ECF No. 18].

The Court next addresses the opposing letter motions on whether a stay is warranted pending a decision by the JPML on whether to form an MDL in *In re Retailer Tariff Litigation*, MDL No. 3202. Plaintiff argues that a stay is warranted while the JPML considers an August 14, 2026 motion "seeking to consolidate 25 federal class actions arising from retailers' alleged pass-through of IEEPA tariffs to consumers for coordinated pretrial proceedings." [ECF No. 18]. Plaintiff notes that the JPML has scheduled a hearing on December 3, 2026 and that Defendants in this case have filed a notice with the JPML identifying the present action as sharing common questions of fact. Plaintiff argues that a stay will not burden Defendants and is warranted to preserve judicial economy and efficiency. The Court disagrees.

In deciding whether a stay is appropriate, the Court must weigh "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 370 (S.D.N.Y. 2013) (internal quotations omitted). Plaintiff argues that because she is the one seeking the stay and this case is in early stages, she will not be prejudiced. [ECF No. 18 at 2]. This Court notes,

however, that it was *Plaintiff* who decided to bring the case in this forum, not Defendants. The Court also notes that all of Plaintiff's cited authorities are examples of cases where the *defendant* sought a stay pending a JPML decision, not a plaintiff as here. *See Royal Park*, 941 F. Supp. at 368; *Ritchie Cap. Mgmt., LLC v. Gen. Elec. Cap. Corp.*, 87 F. Supp. 3d 463, 465 (S.D.N.Y. 2015); *Med. Soc'y of State of New York v. Connecticut Gen. Corp.*, 187 F. Supp. 2d 89, 90 (S.D.N.Y. 2001). The Court also finds that a stay will impose at least some burden on Defendants, who filed their anticipated motion to dismiss on October 16, 2026, and would face a notable delay in having these threshold issues resolved. Plaintiff has not provided any explanation for why it waited until October 14, 2026 to request a stay, just two days before Defendants' motion to dismiss was due, when the MDL motion on which Plaintiff relies in seeking a stay had been filed several months earlier on August 14, 2026 and Plaintiff filed their "notice of potential tag-along action" with the JPML on October 5, 2026. [ECF No. 18] at 2.

The Court further finds that judicial economy would not be served by a stay. Unlike the cases Plaintiff cites, here the JPML has not actually created an MDL let alone issued a Conditional Transfer Order implicating the case at issue.[1] It is entirely possible that the JPML may deny the MDL petition outright or, if it does create an MDL, might refuse to accept transfer of this specific case. *See Quinn v. JPMorgan Chase Bank, N.A.*, No. 20-CV-4100 (JSR), 2020 WL 3472448, at *2, n.2 (S.D.N.Y. June 24, 2020) ("mere pendency of a petition in the JPML does not, of course, mandate a stay"). The Court further notes that several of the arguments implicated by Defendants' motion to dismiss including the lack of Article III standing, the voluntary payment doctrine, and

[1] In *Ritchie Capital Management, LLC v. General Electric Capital Corp.*, the JPML had not yet approved an MDL but there the same defendant had filed a motion with the JPML seeking consolidation of that specific case with four others. 87 F. Supp. at 465. Here, there is no indication that Defendants are part of the pending MDL motion, nor would this action automatically be consolidated if an MDL is created.

sufficiency of GBL § 349 claims are based on the specific allegations in this case and would need to be dealt with eventually either by this Court or the potential MDL court. Any potential judicial economy is highly speculative and a stay at this juncture will merely serve to delay the resolution of important threshold issues. For similar reasons, the Court finds that the interests of non-parties and the public would not be served by a stay pending a speculative MDL order that may never materialize. While the JPML will eventually determine whether an MDL is warranted to consolidate various tariff-based claims, non-parties and the public will be best served if this case proceeds on its original schedule. If and when the JPML grants the pending MDL motion, and either party subsequently moves to transfer this case to the MDL, Plaintiff can renew her motion to stay.

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall file an amended complaint on or before November 6, 2026 addressing any alleged deficiencies relating to Defendants' argument that the tariff increases are public knowledge. Plaintiff is not permitted to amend in relation to Defendants' money had and received argument or any other arguments previewed in the pre-motion letter at ECF No. 15. The Clerk of Court is directed to close the pending motions at ECF No. 19 and ECF No. 21 as moot given Plaintiff's contemplated filing of an amended complaint.

IT IF FURTHER ORDERED that Plaintiff's letter motion to stay the case pending a decision by the JPML [ECF No. 18] is DENIED. Plaintiff can bring a renewed motion to stay if the JPML grants the pending motion to form an MDL and a subsequent motion is made to transfer this case to the MDL.

**SO ORDERED.**

Mary Kay Vyskocil

**Date: October 28, 2026**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**